**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4547-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SAMUEL PATRIACO, JR., a/k/a
STEPANOV ALEKSANDR,

     Defendant-Appellant.

_____

Submitted November 4, 2021 – Decided December 6, 2021

Before Judges Fuentes and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 14-12-2963.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Dina R. Khajezadeh, Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Samuel Patriaco, Jr., appeals from the Order of the Criminal Part denying his post-conviction relief (PCR) petition without conducting an evidentiary hearing. We affirm.

On December 2, 2014, defendant was indicted by an Ocean County grand jury on charges of first-degree robbery, N.J.S.A. 2C:15-1, second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3(b), third-degree resisting arrest, N.J.S.A. 2C:29-2(a), fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), and fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7(a).

Defendant negotiated an agreement with the State through which he agreed to plead guilty to first-degree robbery. In exchange, the State agreed to dismiss the remaining counts in the indictment and recommend defendant be sentenced to an eighteen-year term of imprisonment, subject to the parole restrictions of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant reserved the right to argue for a lesser sentence.

At the plea hearing held on June 19, 2015, the judge questioned defendant directly to ensure he understood the terms and consequences of the plea agreement. The judge also confirmed defendant read and answered all the questions in the standard plea form, as well as the supplemental form that described the parole restrictions under NERA. In response to his attorney's questions, defendant provided the following factual basis in support of his guilty plea:

> Q. Mr. Patriaco, isn't it true you were present in Brick Township on [September 1, 2014]?
>
> A. I was.
>
> Q. At that date, you approached a Gulf gas station. Correct?
>
> A. I did.
>
> Q. And you saw that one of the workers . . . was actually counting money. Correct?
>
> A. Yes.
>
> Q. And you took the money away from him and tried to remove yourself from . . . the location. Correct?
>
> A. I did.
>
> Q. So, by doing that, you committed a theft. Correct?
>
> A. Correct.

Q. But as you were trying to leave, [the gasoline station attendant] tried to retrieve his property back. Correct?

A. Yes.

Q. As a result, an altercation took place and you pulled out a knife and actually stabbed [the gasoline station attendant] in an effort to get away from him. Correct?

A. Correct.

Q. And that caused a cut on his, I believe in his abdomen, that was actually very close to a vital organ. You understand that?

A. Yes.

Q. And certainly you agree that a knife could be a deadly weapon. Correct?

A. I do.

Q. And that the injury to him . . . he was injured as a result. Correct?

A. Yes.

Q. And that was through in the course of your theft. Correct?

A. Yes.

[(Emphasis added).]

The judge presiding at the plea hearing found defendant voluntarily and knowingly waived his constitutional rights and provided a sufficient factual basis to find him guilty of first-degree robbery.

A-4547-19

At the sentencing hearing held on August 7, 2015, defendant made clear he felt no remorse for committing the robbery or for the serious injury he inflicted on the victim. In fact, he claimed the victim brought this near-death experience on himself:

> I snatched the money off the desk and I took off running. He chased me. He started clubbing me in the back of the head. So, yeah, I stabbed him. And feel remorse? No, I don't feel fucking remorse.
>
>    . . . .
>
> THE COURT: I see. So it was the victim's fault that he got stabbed.
>
> DEFENDANT: When they tell you, when you start -- I worked at a Wawa, they tell you when you get robbed, you just give up the money.
>
> THE COURT: Well I guess he was a loyal employee and this is what he got for his loyalty.
>
> DEFENDANT: Whatever.

The judge found aggravating factor N.J.S.A. 2C:44-1(a)(3), "the risk of another offense," which she viewed as weighing "extremely heavily given [defendant's] lack of remorse," N.J.S.A. 2C:44-1(a)(9), the "need for deterrence," and N.J.S.A. 2C:44-1(a)(2), "the extent of harm inflicted on the victim." The judge found mitigating factor N.J.S.A. 2C:44-1(b)(6), restitution,

A-4547-19

but only gave it "slight weight." Defendant was sentenced to a fifteen-year term of imprisonment, subject to NERA.

On March 28, 2019, defendant filed a pro se PCR petition arguing "[n]ewly discovered evidence of [l]atent-adolescent brain development and [premature] decision making must be considered, and [d]efendant must be resentenced so the court can re-evaluate the aggravating and mitigating factors in light of the . . . scientific evidence." At oral argument, defendant's attorney argued there was evidence that had not been considered at the initial sentencing hearing -- specifically "medical information" about his late adolescent brain development -- because his attorney failed to present evidence defendant had the condition. Judge Guy P. Ryan denied defendant's PCR petition because defendant did "not elaborate how plea counsel failed to properly represent him nor does he show it prejudiced his case." The judge found that there was no evidence supporting defendant's claims that he has "late-adolescent brain development disorder" or that his plea attorney knew about the condition at the time of the sentencing hearing.

Defendant raises the following argument in this appeal:

> THE PCR COURT ERRED IN DENYING MR. PATRIACO'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING ON HIS CLAIM THAT

A-4547-19

TRIAL COUNSEL WAS INEFFECTIVE BY
FAILING TO PRESENT MITIGATING EVIDENCE.

Defendant also submitted a pro se supplemental brief, in which he ostensibly provided "evidence from medical and psychological experts that will prove that before [age twenty-five] the brain isn't fully developed." This evidence consisted of an article entitled "Adolescent Maturity and the Brain: The Promise and Pitfalls of Neuroscience Research in Adolescent Health Policy."[1] We reject defendant's arguments and affirm.

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must first demonstrate defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

---

[1] Sara B. Johnson et al., Adolescent Maturity and the Brain: The Promise and Pitfalls of Neuroscience Research in Adolescent Health Policy, 45 J. Adolescent Health 216 (2009), https://www.jahonline.org/article/S1054-139X(09)00251-1/fulltext.

Here, defendant did not present any competent evidence to meet the standard for a prima facie case under Strickland. Judge Ryan found defendant "has not supplied any medical records or diagnostic studies to support his claim. [Defendant] has not even supplied a certification claiming he suffers or suffered from any condition. It appears that [defendant] simply learned about this ailment online and is now accusing his counsel of failing to raise it." We agree. Because defendant did not make out a prima facie case of ineffective assistance, the PCR judge correctly denied the petition without conducting an evidentiary hearing. State v. Preciose, 129 N.J. 451, 460 (1992); R. 3:22-10(e).

Judge Ryan noted the transcript of the sentencing hearing "clearly" contradicted defendant's allegation that his "plea counsel failed to address his extensive drug use." Defense counsel raised defendant's drug addiction at the sentencing hearing and specifically argued it was the "driving force behind all [defendant's] criminal activity." He also urged the sentencing judge to find mitigating factor N.J.S.A. 2C:44-1(b)(6), based on defendant's willingness to pay restitution to the gas station. Judge Ryan correctly found defendant's assertion that his plea counsel was ineffective is not supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4547-19